*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*




# MEMORANDUM OPINION

No. 04-09-00783-CR

Juan Antonio **GOMEZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2008CRS272-D4
Honorable Oscar J Hale, Jr., Judge Presiding

Opinion by:     Catherine Stone, Chief Justice

Sitting:     Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice

Delivered and Filed:  September 15, 2010

AFFIRMED

The sole issue raised in this appeal is whether the evidence is factually sufficient to support the jury's finding that the appellant, Juan Antonio Gomez, Jr., was the perpetrator of the charged offenses.  We affirm the trial court's judgment.

### STANDARD OF REVIEW

In conducting a factual sufficiency review, this court views all of the evidence in a neutral light and sets aside the verdict only if: (1) the evidence is so weak that the verdict is

clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "[D]ue deference must be accorded the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence," and a reviewing court's disagreement "with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Id.* at 9.

### DISCUSSION

Gomez challenges the factual sufficiency of the evidence to support his conviction of five counts of aggravated sexual assault and one count of indecency with a child. Gomez asserts that the two victims of the offenses were unable to specifically identify him in open court. Gomez relies on the Texas Court of Criminal Appeals opinion in *Johnson* to support his contention.

In *Johnson*, a man dressed entirely in black and wearing a ski mask forced his way into the victim's back seat and ordered her to drive to another location. 23 S.W.3d at 4. After arriving at that location, the victim was blindfolded and forced into the passenger seat. *Id*. At another location, the victim was untied, undressed, and raped. *Id*. Although the assailant removed his mask at one point, he never stood directly in front of the headlights to the car, and the victim never had a lengthy, unobstructed view of the assailant's face. *Id*. The victim believed that she was able to briefly glimpse her attacker's face at one point, but could only provide police with scant details of his overall appearance. *Id*. The victim was unable to positively identify the perpetrator in photo line-ups. *Id*. At trial, the victim testified that she was positive the person in the courtroom was her assailant, but stated she was not a hundred percent positive because it was dark, she was blindfolded and scared, he wore a ski mask, and she did not take a good look at him. *Id*.

On appeal, Johnson challenged the factual sufficiency of the evidence, asserting the State failed to show that he was the person responsible for carrying out the offenses. *Id*. at 3. The intermediate appellate court held that the evidence was factually insufficient to prove beyond a reasonable doubt that Johnson was the guilty party. *Id*. The intermediate appellate court focused on the victim's less-than-certain identification of Johnson as the primary reason the conviction could not stand. *Id*. at 6. The court further noted the additional evidence used to incriminate Johnson could apply to many people other than him. *Id*. The Texas Court of Criminal Appeals affirmed, asserting the court of appeals "detailed the relevant evidence and determined the accuracy of the victim's in-court identification could not shoulder sufficient reliability to establish beyond a reasonable doubt that appellant carried out the assault." *Id*. at 12.

Unlike the evidence presented in *Johnson*, the victims in the instant case, who were five and seven years old, initially outcried to their grandmother that their stepfather, Gomez, was sexually abusing them. In addition, both the examining physician and psychologist testified that the two victims reported that their stepfather was the abuser. During their testimony, both victims testified that their stepfather sexually abused them. The older victim positively identified Gomez in court as the third person seated at the defense table. Although the younger victim could not identify Gomez in the courtroom, she positively identified Gomez from an earlier photograph. Accordingly, the evidence presented in this case was factually sufficient to identify Gomez as the person responsible for carrying out the offenses. *See Macias v. State*, No. 05-01-00547-CR, 2002 WL 31569002, at *2-3 (Tex. App.—Dallas Nov. 20, 2002, no pet.) (evidence sufficient to support identity of perpetrator where child victim told examining pediatrician that stepfather sexually abused her and CPS investigation concluded there was "reason to believe"

stepfather had abused child even though child did not identify stepfather in court) (not designated for publication).

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH